UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JON ROBERT ADAMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | 2:17-cv-00357-JAW |
| v. | ) | |
| | ) | |
| SCOTT LANDRY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Jon Robert Adams, an inmate at the Maine Correctional Center, alleges Defendants failed to protect him from harm by other prisoners. Plaintiff asserts that Defendants violated his rights under the Eighth Amendment. Plaintiff also seeks to recover under state law.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 5), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's claims against Defendants Dudley, Emerson, Fitzpatrick, and Landry.

1

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**FACTUAL BACKGROUND**

Plaintiff alleges that another prisoner assaulted him on March 31, 2015. (Complaint ¶ 31, ECF No. 1.) According to Plaintiff, prior to the assault, he provided Defendants Penny Bailey, Glean Brown, and Scott McCaffery, employees of the Maine Department of Corrections,[1] with information regarding threats other inmates posed to his safety, but said defendants denied or ignored Plaintiff's requests for protective custody. (*Id.* ¶¶ 5 – 10, 15 – 30.)

Plaintiff asserts that after the assault, he was again placed in housing that exposed him to a significant risk of harm by other prisoners. Subsequently, Plaintiff directed requests for a protective custody cell assignment to Defendants Robert Dudley, Joseph

---

[1] In his complaint, Plaintiff asserts that Defendant McCaffery is the Director of Classifications for the Maine Department of Corrections, that Defendant Brown is the Senior Deputy Warden of Security at the Maine Correctional Center, and that Defendant Bailey is the Unit One Manager at the Maine Correctional Center.

3

Fitzpatrick, and Scott Landry.[2] (*Id.* ¶¶ 37, 47, 48, 51, 56, 58, 59, 63, 66, 67, 80.) Plaintiff has not alleged that he experienced another assault.

## DISCUSSION

### A.  Plaintiff's Eighth Amendment Claim

The Cruel and Unusual Punishment Clause of the Eighth Amendment, as applied to the states through the Fourteenth Amendment, imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. *Lakin v. Barnhart*, 758 F.3d 66, 70 (1st Cir. 2014). "That duty has its origins in the forced dependency of inmates[.]" *Giroux v. Somerset Cty.*, 178 F.3d 28, 31 (1st Cir. 1999). "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer v. Brennan*, 511 U.S. 825, 833 (1970) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)).

Under the law, however, not every incident of prisoner-on-prisoner violence that results in injury gives rise to constitutional liability. *Lakin*, 758 F.3d at 70. To raise a genuine issue of constitutional liability, a plaintiff must demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). In other words, a plaintiff must satisfy both an

---

[2] According to Plaintiff, Defendant Dudley is the Correctional Sergeant of the M.P.U. Building at the Maine Correctional Center; Defendant Fitzpatrick is the Commissioner of the Maine Department of Corrections; and Defendant Landry is the Warden of the Maine Correctional Center.

4

objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) in order to prove a claim of deliberate indifference. *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

In his complaint, Plaintiff requests declaratory relief and money damages against all defendants.[3] The Seventh Circuit has observed, in the context of a failure to protect claim, that "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Jones v. Butler*, 663 F. App'x 468, 470 (7th Cir. 2016) (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)).

In this case, Plaintiff alleges that he communicated his fear of a prisoner assault to Defendants Dudley, Fitzpatrick, and Landry after the March 31, 2015, assault. Plaintiff, however, has not alleged any further harm by a prisoner after he communicated his concerns to Defendants Dudley, Fitzpatrick, and Landry. In the absence of such harm, Defendants Dudley, Fitzpatrick, and Landry are not liable on a claim for money damages. Furthermore, given that Plaintiff has not alleged an ongoing threat arising from his housing assignment, Plaintiff's claim for declaratory relief is moot to the extent it is premised on

---

[3] In appropriate circumstances, injunctive relief is available and a prisoner need not "await a tragic event." *Farmer*, 511 U.S. at 846 (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). Evidently Plaintiff is satisfied that his current housing does not expose him to "an objectively intolerable risk of harm," *id.*, because he has not requested injunctive relief.

events occurring after the March 31, 2015, assault.[4] *Town of Portsmouth, R.I. v. Lewis*, 813 F.3d 54, 59 (1st Cir. 2016); *Davidson v. Howe*, 749 F.3d 21, 26 (1st Cir. 2014); *Kuperman v. Wrenn*, 645 F.3d 69, 73 (1st Cir. 2011). Plaintiff, therefore, has failed to state a claim against Defendants Dudley, Fitzpatrick, and Landry.

Plaintiff has also failed to state a claim against Defendant Emerson. According to Plaintiff, Defendant Shawn Emerson was unit manager of the MPU Building, the housing facility to which Plaintiff was moved after the March 31, 2015, assault. Plaintiff does not allege any other facts regarding Defendant Emerson. Plaintiff thus has not asserted an actionable claim against Defendant Emerson.

Plaintiff has, however, asserted sufficient facts to proceed beyond the preliminary review on his constitutional claims against Defendants Bailey, Brown, and McCaffery. In particular, Plaintiff's complaint can be construed to assert a claim of deliberate indifference against Defendants Bailey, Brown, and McCaffery based on Plaintiff's allegation that he advised them of a serious risk of harm (i.e.. harm caused by other inmates) and that they failed to take reasonable measures to protect him from the March 31, 2015, assault.

**B.    Plaintiff's Tort Claim**

Plaintiff seeks to recover in tort based on Defendants' alleged failure to follow an official protocol that would have protected him from harm. (Complaint at 12.) Plaintiff's tort claim evidently is a claim of negligent supervision.

---

[4] In order for Defendants Dudley, Fitzpatrick, and Landry to be subject to a claim for declaratory relief and nominal damages on an Eighth Amendment failure to protect claim where no prisoner violence occurred, the allegations would have to support the finding that their conduct was maliciously and sadistically designed to cause psychological injury. *Babcock*, 102 F.3d at 273. Plaintiff's allegations would not support such a finding.

Under Maine law, to prevail on a negligence claim, a plaintiff must establish the following elements: (1) a duty of care owed to the plaintiff; (2) breach of the duty; (3) injury; and (4) causation. *Bell ex rel. Bell v. Dawson*, 2013 ME 108, ¶ 17, 82 A.3d 827, 831. Generally, where a hazardous condition exists on premises, a duty of care is imposed when the circumstances give the defendant notice of the need for care, i.e., when the circumstances indicate that the defendant knows or should know of a risk requiring the exercise of care. *E.g.*, *Currier v. Toys R Us, Inc.*, 680 A.2d 453, 455 (Me. 1996); *Michalka v. Great N. Paper Co.*, 151 Me. 98, 104, 116 A.2d 139, 143 (1955). In addition to the duty owed by a person with authority over premises, a person having custody over another owes a "duty of supervision." *Bell*, 2013 ME 108, ¶ 19. "The existence of a duty is a question of law, as is the scope of that duty." *Id.* "[F]oreseeability, control, and relationship factors" inform the inquiry into duty. *Brown v. Delta Tau Delta*, 2015 ME 75, ¶ 27, 118 A.3d 789, 795.

Because Plaintiff has not alleged any facts to suggest that Defendants Dudley, Emerson, Fitzpatrick, or Landry personally had notice, prior to the assault, of the circumstances Plaintiff cites as the bases for his need for protective custody, Plaintiff has failed to assert an actionable claim of negligence against them. Plaintiff, however, has asserted a state law tort claim in negligence against Defendants Bailey, Brown, and McCaffery.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Defendants Dudley, Emerson, Fitzpatrick, and

Landry. I also recommend the Court authorize service of Plaintiff's complaint on Defendants Bailey, Brown, and McCaffery.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of November, 2017.