UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JON ROBERT ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:17-cv-00357-JAW |
| | ) | |
| PENNY BAILEY, GLEAN BROWN, and | ) | |
| SCOTT McCAFFERY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER**

NOW COMES Defendants Penny Bailey, Glean Brown, and Scott McCaffery, through their counsel, hereby answer Plaintiff's complaint as follows:

## I.      INTRODUCTION[1]

The introductory paragraph to the complaint describes Plaintiff's lawsuit and states legal conclusions.  Accordingly, no response is required.  To the extent that response is required to any factual assertions contained in the introductory paragraph, those facts are admitted or denied as set forth below in Defendants' answer.

## II.      JURISDICTION

Plaintiff's jurisdiction paragraph describes the lawsuit and contains statements regarding the court's jurisdiction and venue.  Accordingly, no response is required.

## III.      PARTIES

1.      Defendants admit the allegations contained in paragraph 1.

---

[1]  For the Court's ease of reference, Defendants have incorporated into their answer the headings set forth in Plaintiff's complaint.  The inclusion of Plaintiff's headings is not an admission of any allegations inherent or implied in the heading.  Any such allegations are denied.

2.      Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Scott R. Landry have been dismissed.

3.      Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Joseph Fitzpatrick have been dismissed.

4.      Defendants admit that at all times relevant to this complaint Scott McCaffery was the Director of Classification for the Maine Department of Corrections.  The last two sentences of paragraph 4 state a legal conclusion and describe the lawsuit.  Accordingly, no response to the last two sentences of paragraph 4 is required.

5.      Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Shawn Emerson have been dismissed.

6.      Defendants admit that at all times relevant to this complaint Glean Brown was the Senior Deputy Warden of Security at the Maine Correctional Center.  The last two sentences of paragraph 6 state a legal conclusion and describe the lawsuit.  Accordingly, no response to the last two sentences of paragraph 6 is required.

7.      Defendants admit that at all times to this complaint Penny Bailey was the Unit I Manager at the Maine Correctional Center.  The last two sentences of paragraph 7 state a legal conclusion and describe the lawsuit.  Accordingly, no response to the last two sentences of paragraph 7 is required.

8.      Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Robert Dudley have been dismissed.

## IV.      REFILED COMPLAINT

Defendants admit that Plaintiff previously filed complaint based on the same incident with this Court on July 17, 2015.  Defendants further admit that Plaintiff's previous complaint was dismissed without prejudice on August 12, 2016, and judgement was entered for the defendants on January 12, 2017.  Defendants admit Plaintiff filed a motion to refile/reopen the prior case on June 29, 2017, that the Office of the Maine Attorney General, on behalf of the defendants in the prior case, filed an opposition to Plaintiff's motion on July 18, 2017, and that Plaintiff filed a reply on July 26, 2017.  Defendants further admit that the Court denied Plaintiff's motion to reopen the prior case on August 7, 2017.  Defendants otherwise deny the remaining allegations in this section of Plaintiff's complaint.

## IV.      FACTUAL BACKGROUND

1.      Defendants admit the allegation contained in paragraph 1.

2.       Defendants admit Plaintiff had previously been incarcerated at the Maine Correctional Center.  Defendants admit that Plaintiff is known by other prisoners at the Maine Correctional Center.  Defendants admit many prisoners at the Maine Correctional Center are repeat offenders and some prisoner know one another.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and therefore, deny them.

3.      Defendants admit that Plaintiff has acted as if he is an informant and that other prisoners took notice of this as he has acted this way openly in front of them.  Defendants deny the remaining allegations in paragraph 3.

4.      Defendants admit Plaintiff was housed in a general population housing pod in the Multipurpose Unit (MPU) when he first arrived at the Maine Correctional Center (MCC) on March 11, 2014.  Defendants admit that, when prisoners first arrive at MCC, they are housed in the MPU until they are classified.

5.      Defendants admit that on March 27, 2014, Plaintiff was moved from the MPU to Unit II, Dorm 6.  Defendants deny the remaining allegations in paragraph 5.

6.      Defendants admit that on May 5, 2014, Plaintiff was moved from Unit II, Dorm 6 to the Unit I, Security East housing unit.  Defendants admit that, effective May 5, 2014, Plaintiff entered the Correctional Recovery Academy (CRA) program. Defendants admit the CRA program was a residential substance abuse treatment program in the facility.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore, deny them.

8.      Defendants generally admit Plaintiff made reports to Defendant Bailey about alleged harassment and threats by other prisoners.  Defendants deny the remaining allegations in paragraph 8.

9.      Defendants admit that on at least one occasion Plaintiff stated that he wanted to return to Dorm 6.  Defendants admit that Defendant Bailey spoke with Plaintiff a number of times about his complaints that other prisoners called him names.  Defendants admit Defendant Bailey counseled Plaintiff on how best to react to name calling.

10.     Defendants denied that Plaintiff was told he could not leave the CRA program. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore, deny them.

11.     Defendants admit that Plaintiff was terminated from the CRA program in September 2014.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and therefore, deny them.

12.     Defendants admit that Plaintiff was placed in segregation in the MPU for emergency observation for two days and then moved to Unit II, Dorm 6.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore, deny them.

13.     Defendants admit that Plaintiff has acted as if he is an informant and that other prisoners took notice of this as he has acted this way openly in front of them.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore, deny them.

14.     Defendants admit that Plaintiff's custody level was changed from minimum to medium and Plaintiff received sanctions due to his termination from the CRA program that affected his ability to receive one type of good time for four months.  Defendants deny the remaining allegations in paragraph 14.

15.     Defendants admit that Plaintiff wrote a letter to Defendant McCaffery in November 2014, requesting to be transferred to the Cumberland County Jail.  Defendants deny the remaining allegations in paragraph 15.

16.    Defendants admit that Defendant McCaffery denied Plaintiff's request to be transferred to the Cumberland County Jail in November 2014.  There is no Exhibit "B" attached to Plaintiff's complaint.

17.    Defendants admit that on November 26, 2014, Defendant was moved to the Structured Living Unit (SLU) in Unit I, Security North, which houses general population prisoners who exhibit behavioral problems.  Defendants admit that the SLU employs a privilege-level system and that Unit I, Security North houses privilege-level 1 and 2 prisoners.  Defendants deny that Plaintiff was moved to Unit I, Security North directly from Unit II, Dorm 6.  Defendants deny Plaintiff's characterization of the SLU, except that they admit that many prisoners in the SLU have behavioral issues.

18.    Defendants admit that the Security Building at MCC is divided into two sides: a north side (Security North) and a south side (Security South) and prisoners that reach privilege-level 3 may move to Security South.  Defendants state that such a move is also dependent on bed space.

19.    Defendants deny that Plaintiff was threatened with bodily harm.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore, deny them.

20.    Defendants generally admit that Plaintiff made reports to Defendant Bailey about alleged harassment and threats by other prisoners.  Defendants admit that Defendant Bailey spoke with Plaintiff a number of times about his complaints that other prisoners called him names.  Defendants deny that Plaintiff was threatened with bodily harm.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore, deny them.

21.     Defendants generally admit Plaintiff made reports to Defendant Bailey about alleged harassment and threats by other prisoners.  Defendants admit that Defendant Bailey spoke with Plaintiff a number of times about his complaints that other prisoners called him names.  Defendants admit Defendant Bailey counseled Plaintiff on how best to react to name calling.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore, deny them.

22.     Defendants generally admit Plaintiff made reports to Defendant Bailey about alleged harassment and threats by other prisoners.  Defendants admit that Defendant Bailey spoke with Plaintiff a number of times about his complaints that other prisoners called him names.  Defendants admit that Plaintiff had at times requested to be placed in protective custody.  Defendants deny the remaining allegations in paragraph 22.

23.     Defendants generally admit that Plaintiff did not qualify for protective custody and was told as much.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore, deny them.

24.     Defendants admit that Plaintiff progressed through the level system.  Defendants also admit that in February 2015 Plaintiff was moved Unit I, Security South.  Defendants state that such a move is also dependent on bed space.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore, deny them.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore, deny them.

27.     Defendants generally admit Plaintiff made reports to Defendant Bailey about alleged harassment and threats by other prisoners.  Defendants admit that Defendant Bailey spoke

with Plaintiff a number of times about his complaints that other prisoners called him names. Defendants admit Defendant Bailey counseled Plaintiff on how best to react to name calling. Defendants admit that Plaintiff had at times requested to be placed in protective custody. Defendants generally admit that Plaintiff did not qualify for protective custody and was told as much. Defendants admit that on one occasion in February 2015 Plaintiff told a floor officer that he was being threatened, but when interviewed, Plaintiff retracted his statement and stated he did not fear for his safety and was not directly threatened. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27, and therefore, deny them.

28.     Defendants generally admit Plaintiff made reports to Defendant Bailey about alleged harassment and threats by other prisoners. Defendants admit that Plaintiff had at times requested to be placed in protective custody. Defendants generally admit that Plaintiff did not qualify for protective custody and was told as much. The final sentence of Paragraph 28 contains a legal conclusion for which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore, deny them. There is no Exhibit "G" attached to Plaintiff's complaint.

29.     Defendants deny the allegation in paragraph 29. There is no Exhibit "A" attached to Plaintiff's complaint.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants admit that on March 31, 2015, Plaintiff was assaulted by another prisoner. Defendants deny the remaining allegations in paragraph 31. There are no Exhibits "C", "D", or "E" attached to Plaintiff's complaint.

32.    Defendants admit Plaintiff and the other prisoner were both charged with a disciplinary policy violation of Fighting, a Class B violation.

33.    There is no Exhibit "E" attached to Plaintiff's complaint.  Therefore, no response to paragraph 33 is required.

34.    Defendants admit Plaintiff sustained a head injury.  Defendants deny the remaining allegation in paragraph 34.

35.    Defendants admit the allegations in paragraph 35 occurred on or about that date.

36.    Paragraph 36 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 36 contains allegations occurring after March 31, 2015, no response is required.

37.    Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Landry have been dismissed.  Moreover, Paragraph 37 contains allegations occurring after March 31, 2015.  Therefore, no response is required.

38.    Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A,

(ECF No. 11), the claims against Defendant Landry have been dismissed.  Moreover, Paragraph 38 contains allegations occurring after March 31, 2015.  Therefore, no response is required.

39.     Defendants admit the allegations in paragraph 39 occurred on or about that date.

40.     Paragraph 40 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 40 contains allegations occurring after March 31, 2015, no response is required.

41.     Paragraph 41 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 41 contains allegations occurring after March 31, 2015, no response is required.

42.     Defendants deny the allegations in Paragraph 42.  There is no Exhibit "H" attached to Plaintiff's complaint.

43.     Defendants deny the allegations in Paragraph 43.

44.     Paragraph 44 contains allegations occurring after Plaintiff was assaulted on March 31, 2015. In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.) The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred." (*Id.*) Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim. (*Id.*) Because paragraph 44 contains allegations occurring after March 31, 2015, no response is required.

45.     Paragraph 45 contains allegations occurring after Plaintiff was assaulted on March 31, 2015. In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.) The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred." (*Id.*) Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim. (*Id.*) Because paragraph 45 contains allegations occurring after March 31, 2015, no response is required.

46.     Paragraph 46 contains allegations occurring after Plaintiff was assaulted on March 31, 2015. In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault.

(ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 46 contains allegations occurring after March 31, 2015, no response is required.

47.     Paragraph 47 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 47 contains allegations occurring after March 31, 2015, no response is required.

48.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Dudley have been dismissed.  Moreover, Paragraph 48 contains allegations occurring after March 31, 2015.  Therefore, no response to paragraph 48 is required.

49.     Paragraph 49 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault.

(ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred." (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 49 contains allegations occurring after March 31, 2015, no response is required.

50.     Paragraph 50 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred." (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 50 contains allegations occurring after March 31, 2015, no response is required.

51.     Paragraph 51 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred." (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 51 contains allegations occurring after March 31, 2015, no

response is required.  Moreover, pursuant to the Court's order of May 1, 2018, (ECF No. 19), the claims against Defendant Dudley have been dismissed.

52.     Plaintiff's complaint does not contain a paragraph 52.  Accordingly, no response is required.

53.     Paragraph 53 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 53 contains allegations occurring after March 31, 2015, no response is required.  Moreover, pursuant to the Court's order of May 1, 2018, (ECF No. 19), the claims against Defendant Dudley have been dismissed.

54.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Dudley have been dismissed.  Moreover, Paragraph 54 contains allegations occurring after March 31, 2015.  Therefore, no response is required.

55.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Dudley have been dismissed.  Moreover, Paragraph 55 contains allegations occurring after March 31, 2015.  Therefore, no response is required.

14

56.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Dudley have been dismissed.  Moreover, Paragraph 56 contains allegations occurring after March 31, 2015.  Therefore, no response is required.

57.     Paragraph 57 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 57 contains allegations occurring after March 31, 2015, no response is required.

58.     Paragraph 58 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 58 contains allegations occurring after March 31, 2015, no response is required.

59.     Paragraph 59 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 59 contains allegations occurring after March 31, 2015, no response is required.

60.      Defendants deny the allegations in paragraph 60.

61.     Paragraph 61 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 61 contains allegations occurring after March 31, 2015, no response is required.

62.     Paragraph 61 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault.

(ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 62 contains allegations occurring after March 31, 2015, no response is required.

63.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Dudley have been dismissed.  Moreover, Paragraph 63 contains allegations occurring after on March 31, 2015.  Therefore, no response is required.

64.     Paragraph 64 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 64 contains allegations occurring after March 31, 2015, no response is required.

65.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Dudley have been dismissed.  Moreover, Paragraph 65 contains allegations occurring after March 31, 2015.  Therefore, no response is required.

66.     Paragraph 66 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 66 contains allegations occurring after March 31, 2015, no response is required.

67.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Dudley have been dismissed.  Moreover, Paragraph 67 contains allegations occurring after March 31, 2015.  Therefore, no response is required.

68.     Paragraph 68 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 68 contains allegations occurring after March 31, 2015, no response is required.

69.     Paragraph 69 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 69 contains allegations occurring after March 31, 2015, no response is required.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and therefore, deny them.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and therefore, deny them.  There are no Exhibits "D" or "F" attached to Plaintiff's complaint.

72.     The allegations in paragraph 72 involve a person other than Defendants, and therefore, no response is required.

73.     The allegations in paragraph 73 involve a person other than Defendants, and therefore, no response is required.

74.     Paragraph 74 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31,

2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred." (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 74 contains allegations occurring after March 31, 2015, no response is required.

      75.     Paragraph 75 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred." (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 75 contains allegations occurring after March 31, 2015, no response is required.

      76.     Paragraph 76 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred." (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 76 contains allegations occurring after March 31, 2015, no response is required.  Furthermore, there is no Exhibit "J" attached to Plaintiff's complaint.

77.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Dudley have been dismissed.  Moreover, Paragraph 77 contains allegations occurring after March 31, 2015.  Therefore, no response is required.

78.     Paragraph 78 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 78 contains allegations occurring after March 31, 2015, no response is required.

79.     Paragraph 79 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a claim.  (*Id.*)  Because paragraph 79 contains allegations occurring after March 31, 2015, no response is required.

80.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Fitzpatrick have been dismissed.  Moreover, Paragraph 80 contains allegations occurring after on March 31, 2015.  Therefore, no response is required.

81.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Fitzpatrick have been dismissed.  Moreover, Paragraph 81 contains allegations occurring after Plaintiff was assaulted on March 31, 2015. Therefore, no response is required.

82.     Pursuant to the Court's order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the claims against Defendant Fitzpatrick have been dismissed.  Moreover, Paragraph 82 contains allegations occurring after Plaintiff was assaulted on March 31, 2015. Therefore, no response is required.

83.     Paragraph 83 contains allegations occurring after Plaintiff was assaulted on March 31, 2015.  In its order of May 1, 2018, (ECF No. 19), affirming the Recommended Decision After Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e), 1915A, (ECF No. 11), the Court held that Plaintiff's complaint does not allege any cognizable damages after the March 31, 2015 assault. (ECF No. 19, at 4.)  The Court further held that only "[Plaintiff's] description of the March 31, 2015 assault could give rise to liability for those Defendants who knew of the risk before it occurred."  (*Id.*)  Failure to address Plaintiff's fear of future harm is not sufficient to sustain a

claim.  (*Id.*)  Because paragraph 83 contains allegations occurring after March 31, 2015, no response is required.

84.     Defendants deny the allegations in paragraph 84.  There is no Exhibit "G" attached to Plaintiff's complaint.

85.     Paragraph 85 describes the lawsuit and states legal conclusions.  Accordingly, no response is required.  To the extent that response is required to any factual assertions contained in the paragraph 85, those assertions are denied.  The Last sent

## VI.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants deny the allegations in the first paragraph of this section of Plaintiff's complaint.  Furthermore, there are no Exhibits "A", "H", or "I" attached to Plaintiff's complaint.  The final two paragraphs of this section of Plaintiff's complaint cite caselaw and state legal conclusions, for which no response is required.

## VII.     CLAIMS FOR RELIEF

## A.     PERSONAL SAFETY:

This subsection of Plaintiff's complaint describes the lawsuit, states legal conclusions, and/or states a request relief.  Accordingly, no response is required.  To the extent that a response is required to any factual assertions contained in this subsection, those allegations are denied.

## B.     PROTECTION FROM INMATE ASSAULT

This subsection of Plaintiff's complaint describes the lawsuit, states legal conclusions, and/or states a request relief.  Accordingly, no response is required.  To the extent that a response is required to any factual assertions contained in this subsection, those allegations are denied.

## C.      RISKS TO A PARTICULAR PRISONER

This subsection of Plaintiff's complaint describes the lawsuit, states legal conclusions, and/or states a request relief.  Accordingly, no response is required.  To the extent that a response is required to any factual assertions contained in this subsection, those allegations are denied.

## D.      TORT CLAIM FOR INMATE ASSAULT:

Defendants admit that Plaintiff filed a timely notice of claim with the Department of Corrections and the Office of the Maine Attorney General in accordance with the Maine Tort Claims Act, 14 M.R.S.A. § 8107.  This subsection also contains allegations regarding Plaintiff's separate state court lawsuit against a person other than the Defendants in this case to which no response is required.  The remainder of this subsection of Plaintiff's complaint describes the lawsuit, states legal conclusions, and/or states a request relief.  Accordingly, no response is required.  To the extent that a response is required to any factual assertions contained in this subsection, those allegations are denied.  Furthermore, there are no Exhibits "G" or "K" attached to Plaintiff's complaint.

## VIII.   RELIEF REQUESTED

This section of Plaintiff's complaint contains Plaintiff's requests for relief.  To the extent that a response is required to any factual assertions contained in this section, those allegations are denied.

AND FURTHER ANSWERING, Defendants state the following:

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's injuries are the result of his own conduct and his recover is barred.

3.      Any recovery by the Plaintiff must be reduced by an amount attributable to his own fault.

4.      Plaintiff's injuries are the result of conduct of a third person, for whose conduct the Defendants are not responsible.

5.      Defendants' actions did not violate any federal constitutional rights of Plaintiff.

6.      Defendants' actions did not rise to the level of deliberate indifference to Plaintiff's constitutional rights.

7.      To the extent that Plaintiff is bringing federal constitutional claims against Defendants in their official capacities, Defendants are entitled to governmental immunity.

8.      To the extent that Plaintiff is bringing federal constitutional claims against Defendants in their individual capacities, Defendants are entitled to qualified immunity for their actions.

9.      Plaintiff's claims are barred by his failure to properly exhaust all administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), prior to initiating this suit.

10.      Plaintiff's tort claims, in whole or in part, are barred by the immunities provided under the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101-8116, including, but not limited to, the immunities provided by 14 M.R.S.A. § 8104-B(3) and 14 M.R.S.A. § 8111(1)(C).

11.      Any potential damages are for Plaintiff's tort claims are limited by the Maine Tort Claims Act, including, but not limited to, 14 M.R.S.A. § 8104-D and 14 M.R.S.A. § 8105.

12.      Plaintiff's tort claims are barred by the statute of limitation set forth in the Maine Tort Claims Act, 14 M.R.S.A. § 8110.

13.     Plaintiff's claims for declaratory judgment are moot as a result of his release for prison.

14.     Plaintiff's request for punitive damages are barred by the Prison Litigation Reform Act's restriction on the granting of prospective relief, 18 U.S.C. § 3626(a)(1).

WHEREFORE, Defendants respectfully request that all relief requested by Plaintiff be denied, that judgment be entered in favor of Defendants, and that Defendants be awarded costs and attorney fees.


Dated: July 9, 2018                                    _/s/ Jason J. Theobald_____
                                                       Jason J. Theobald
                                                       Assistant Attorney General
                                                       Office of the Maine Attorney General
                                                       Six State House Station
                                                       Augusta, ME 04333-0006
                                                       (207) 626-8800
                                                       Jason.Theobald@maine.gov
                                                       *Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 9, 2018, he electronically filed the above document with the Clerk of Court using the CM/ECF system.  A copy of the above document is also being placed in the mail to the Plaintiff, postage prepaid, at the following address:

> Jon Robert Adams
> C/O Cumberland County Jail
> 50 County Way
> Portland, ME 04102

Dated: July 9, 2018

  /s/ Jason J. Theobald_____
Jason J. Theobald
Assistant Attorney General
Office of the Maine Attorney General
Six State House Station
Augusta, ME 04333-0006
(207) 626-8800
Jason.Theobald@maine.gov
*Attorney for Defendants*