UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JON ROBERT ADAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENNY BAILEY, GLEAN BROWN, and )<br>SCOTT McCAFFERY, )<br>)<br>Defendants. ) | Civil No. 2:17-cv-00357-JAW |

**MOTION FOR PARTIAL SUMMARY JUDGMENT OF DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 56(a), Defendants Penny Bailey, Glean Brown, and Scott McCaffery, through their counsel, hereby move for partial summary judgment on Plaintiff Jon Robert Adams's claims for declaratory judgment and his tort claims for negligent supervision. As grounds for their motion, Defendants state that Adams was released from prison and is no longer incarcerated at the Maine Correctional Center in Windham, Maine. Therefore, Adams claims for declaratory judgment are now moot. Defendants further state that Adams's tort claims are barred by the two-year statute of limitations set forth in the Maine Tort Claims Act, 14 M.R.S.A. § 8110.

**MEMORANDUM OF LAW**

**I.   Factual Background and Procedural History**

Plaintiff Jon Robert Adams was a prisoner previously incarcerated at the Maine Correctional Center ("MCC") from March 11, 2014 to September 15, 2015. (Defs. S.M.F. ¶ 1.) MCC is a Maine Department of Corrections facility located in Windham, Maine. (Defs. S.M.F. ¶ 2.) Adams was assaulted by another prisoner on March 31, 2015. (Defs. S.M.F. ¶ 3.) Plaintiff Jon Robert Adams previously filed a complaint pursuant to 28 U.S.C. § 1983 with this Court on

July 17, 2015, *Adams v. Landry et al.,* Docket No. 2:15-cv-00282-JAW.[1]  (Defs. S.M.F. ¶ 4.) Adams then filed an amended complaint on September 14, 2015.  (Defs. S.M.F. ¶ 5.)  In his prior complaint, Adams asserted that Department of Corrections staff were deliberately indifferent to his safety and failed to protect him from the March 31, 2015 assault in violation of his constitutional rights.  (Defs. S.M.F. ¶ 6.)  Defendants Bailey, Brown, and McCaffery were named as defendants in Adams's prior complaint.   (Defs. S.M.F. ¶ 7.)

Adams was released from custody on September 15, 2015.  (Defs. S.M.F. ¶ 8.)  On August 12, 2016, Adams's prior complaint was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  (Defs. S.M.F. ¶ 9.)  Judgment was entered for the defendants on January 12, 2017.  (Defs. S.M.F. ¶ 10.)

Adams was reincarcerated at MCC on December 8, 2016.  (Defs. S.M.F. ¶ 11.)  Adams filed his complaint in this action on September 14, 2017.  (Defs. S.M.F. ¶ 12.)  Adams again asserts that Department of Corrections staff were deliberately indifferent to his safety and failed to protect him from the March 31, 2015 assault in violation of his constitutional rights.  (Defs. S.M.F. ¶ 13.) Adams complaint also seeks declaratory relief and asserts tort claims for negligent supervision. (Defs. S.M.F. ¶¶ 14-15.)

On November 14, 2017, after screening the complaint, the Magistrate Judge recommended that four of the seven Defendants be dismissed, that Adams's constitutional and tort claims and his claims for declaratory relief be limited to Plaintiff's assertions that Defendants Bailey, Brown, and McCaffery failed to protect him from the March 31, 2015 assault, and that the complaint be served on only Defendants Bailey, Brown, and McCaffery.  (Defs. S.M.F. ¶ 16.)  On May 1, 2018, the District Court affirmed the Recommended Decision, dismissing four of the seven Defendants,

---

[1] The Court is entitled to take judicial notice of all related proceedings and records pending in the same court.  *Doustout v. G.D. Searle & Co.*, 684 F. Supp. 16, 17 n.1 (D. Me. 1988).

2

stating that Adams's complaint failed to allege any cognizable damages after the March 31, 2015 assault, and ordering service of the complaint on Defendants Bailey, Brown, and McCaffery. (Defs. S.M.F. ¶ 17.) At all times relevant to Adams's complaint, Defendants Bailey, Brown, and McCaffery were employees of the Maine Department of Corrections, a state agency. (Defs. S.M.F. ¶¶ 18-19.)

Adams was released from MCC on January 2, 2018. (Defs. S.M.F. ¶ 21.) Defendants now move for partial summary judgment on Adams's claims for declaratory judgment and his tort claims for negligent supervision.

## II.      Standard of Review

A party many move for summary judgment on all or part of a claim. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when, based on the record before the court, it appears there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *FDIC v. Anchor Props.*, 13 F.3d 27, 30 (1st Cir. 1994). The moving party bears the initial burden of demonstrating the absence of evidence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes a sufficient showing, the burden shifts to the non-moving party to produce specific evidence demonstrating a material dispute for trial. *FDIC*, 13 F.3d at 30. "A material fact is one which has the 'potential to affect the outcome of the suit under applicable law.'" *Id.* (internal citation omitted). "Though summary judgment is difficult to navigate as a *pro se* plaintiff the pleading burden of the federal and local rules of civil procedure apply to represented and unrepresented parties alike." *Carlson v. Rent-A-Ctr., Inc.*, 237 F. Supp. 2d 114, 116 (D. Me. 2003).

**III.   Argument**

    A.    <u>Adams's Claims for Declaratory Judgment</u>

Adams's complaint seeks a declaratory judgment that the acts, failures, and omissions of Defendants violated his constitutional rights and stating Defendants duties and obligations with respect to his rights. (Defs. S.M.F. ¶ 14.) Plaintiff was released from MCC on January 2, 2018. (Defs. S.M.F. ¶ 21.) Accordingly, Adams's claims for declaratory judgment are moot.

Article III, § 2 of the U.S. Constitution grants to the federal courts jurisdiction to adjudicate only live cases or controversies. *Thomas R.W. v. Mass. Dep't of Educ.*, 130 F.3d 477, 479 (1st Cir. 1997). An actual controversy must exist throughout all stages of the case, not just the date the action was initiated. *Id.* "A case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, or alternatively, when the party invoking federal court jurisdiction no longer has a personal stake in the outcome of the controversy.'" *Id.* (internal citations omitted). To demonstrate that a case is moot, a defendant must show that the issues in the case are no longer "live" or that the parties lack a legally cognizable interest in the outcome. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 16 (1st Cir. 2004). The plaintiff bears the burden of establishing any exception to mootness. *See Ford v. Bender*, 768 F.3d 15, 30 (1st Cir. 2014).

The First Circuit has expressly held, "A prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release." *Ford*, 768 F.3d at 29. In *Ford v. Bender*, the plaintiff prisoner had been ordered to serve time in segregation as an administrative sanction for assaulting prison staff. *Id.* at 20. The plaintiff completed his sentence, but remained in segregation while held as a pretrial detainee on new criminal charges for the assault. *Id.* The plaintiff was granted bail and released from custody, but bail was later revoked and the plaintiff

4

returned to the same facility. *Id.* at 20-21. The plaintiff pleaded guilty to the charges and was sentenced an additional prison term. *Id.* The plaintiff brought a complaint asserting that prison official violated his due process rights by continuing to hold him in segregation as pretrial detainee and as a sentenced prisoner without a new administrative hearing. *Id.* at 22. During the pendency of plaintiff's case and subsequent appeal, the plaintiff was transferred to a different facility and eventually released from custody. *Ford*, 768 F.3d at 28. The district court granted plaintiff both declaratory and equitable relief. *Id.* On appeal, the First Circuit vacated all equitable relief. *Id.* at 32. Quoting the Fourth Circuit, the First Circuit stated:

> Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted.

*Id.* at 29 (quoting *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007)). The Court of Appeals explained further explained,

> Once released from custody, [the plaintiff] lost any legally cognizable interest in a declaration that the DOC's actions had been unconstitutional or an injunction related to his prior confinement. There is no "live case or controversy" to decide, nor any meaningful relief to provide, now that Ford has been released. "With limited exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is also not permissible as it would be merely advisory."

*Id.* (quoting *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013)). The Court also held that the plaintiff could not invoke the "capable of repetition, yet evading review" exception to the mootness doctrine, because there was no reasonable expectation that he would be reconfined to segregation as a pretrial detainee without hearing as an administrative sanction for conduct that occurred during a prior prison sentence. *Ford*, 768 F.3d at 30.

In this case, Adams was released from MCC on January 2, 2018. (Defs. S.M.F. ¶ 21.) Accordingly, any declaratory relief ordered in Adams's favor would have no practical impact on the Adams's rights or redress the injury he originally asserted. Therefore, Adams claims for declaratory relief are moot.[2]

Defendants are aware that, after his release, Adams absconded while on probation and a warrant was issued for his arrest.[3] Defendants are also aware that Adams was arrested on or about June 25, 2018, and is currently being held at the Cumberland County Jail.[4] Although Adams's recent arrest and detention may be evidence there is some expectation that Adams may be reincarcerated in the near future, that is not enough to save Adams claims from mootness. Evidence that Adams may reoffend, without more, is not sufficient to invoke the "capable of repetition, yet evading review" exception. As discussed in *Ford v. Bender*, to invoke the exception, a prisoner challenging the conditions of their prior confinement must demonstrate that there is a reasonable expectation he will be subject to the same conditions of confinement and the same conduct by the defendants. *Ford*, 768 F.3d at 30. In *Ford v. Bender*, there was no reasonable expectation the plaintiff would be again confined to segregation as a pretrial detainee as an administrative sanction for conduct that occurred during his prior sentence. *Id.* As discussed above, Adams bears the burden of demonstrating existence of any exception to the mootness doctrine. *See id.* In order invoke the "capable of repetition, yet evading review" exception, like

---

[2] According to the Magistrate Judge's Recommended Decision after Screening, (ECF No. 11), which was affirmed by the District Court, (ECF No. 19), Adams has not requested any injunctive relief in the case. (ECF No. 11, Recommended Decision at 5 n.3.) Nevertheless, any claim for injunctive relief would also be moot for the same reasons as Adams's claims for declaratory relief.

[3] *See* State of Maine Department of Corrections, Prisoner Search, https://www1.maine.gov/cgi-bin/online/mdoc/search-and-deposit/detail.pl?mdoc_number1=13557 (last visited July 9, 2018).

[4] *See* Cumberland County Sheriff's Office, Confined Inmate List, http://www.cumberlandso.org/235/Confined-Inmate-List (last visited July 9, 2018).

in *Ford v. Bender*, Adams must demonstrate not only that there is a reasonable expectation that he will be reincarcerated, but that there is a reasonable expectation that he will again be confined to MCC, that he will be subject to the same alleged conditions of confinement that he alleges warranted placing him in protective custody, and that Defendants will again deny him protective custody. Any such assertions by Adams would likely be speculative at this time.

Therefore, based on the foregoing, Adams's claim for declaratory judgment are moot. Accordingly, Defendants are entitled to summary judgment in their favor on Adams's claim for declaratory judgment.

B.   Adams's Tort Claims

As discussed above, Adams's complaint also asserts tort claims against Defendants for negligent supervision. (Defs. S.M.F. ¶ 15.) At all times relevant to Adams's complaint, all three Defendants were employees of the Maine Department of Corrections, a State agency. (Defs. S.M.F. ¶ 18-19.) Adams has brought his claims against Defendants in both their individual and official capacities as employees of the Maine Department of Corrections. (Defs. S.M.F. ¶ 20.) Tort claims against Maine state employees in both their individual and official capacities are governed by the Maine Tort Claims Act ("MTCA"), 14 M.R.S.A. §§ 8101-8118. *See e.g., Buchanan ex rel. Estate of Buchanan v. Me.*, 417 F. Supp. 2d 24, 41-42 (D. Me. 2006); *cf. Caisse v. DuBois,* 346 F.3d 213, 218 (1st Cir. 2003).

Section 8110 of the MTCA, expressly provides:

Every claim against a governmental entity or its employees permitted under this chapter is forever barred from the courts of this State, unless an action therein is begun within 2 years after the cause of action accrues, except that, if the claimant is a minor when the cause of action accrues, the action may be brought within 2 years of the minor's attaining 18 years of age.

14 M.R.S.A. § 8110.  Thus, any tort claims against state employees must be brought within two years after the claim accrues.

Under Maine law, "[t]he general test for determining when a cause of action accrues is when a plaintiff received a judicially recognizable injury." *McLaughlin v. Superintending Sch. Comm. of Lincolnville*, 2003 ME 114, ¶ 22, 832 A.2d 782, 788.  There is no genuine dispute that any tort claims in this case accrued, if at all, on March 31, 2015, when Plaintiff was assaulted by another prisoner.  (Defs. S.M.F. ¶¶ 3, 16-17.)  Thus, under the applicable statute of limitations in the MTCA, Adams tort claims must have been brought on or before March 31, 2017.  Adams filed his present complaint on September 14, 2017.  (Defs. S.M.F. ¶ 12.)  Therefore, Adams tort claims are barred by the two-year statute of limitations set forth in § 8110 of the MTCA.

Adams cannot avail himself of any tolling provision under Maine law because he was previously imprisoned.  Maine law contains a tolling provision, which tolls certain statutes of limitations for persons under certain "disabilities".  Title 14 M.R.S.A § 853 expressly provides:

> If a person entitled to bring any of the actions under sections 752 to 754, including section 752-C, and under sections 851 and 852 and Title 24, section 2902 and, until July 1, 2017, section 2902-B is a minor, mentally ill, imprisoned or without the limits of the United States when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed.

Under Maine law, when interpreting a statute, the court must look to the statutes plain and unambiguous language.  *Dickau v. Vt. Mut. Ins. Co.*, 2014 ME 158, ¶ 19, 107 A.3d 621, 627.  If the statute is plain and unambiguous, the court need not look further.  *State v. Dubois Livestock, Inc.*, 2017 ME 223, ¶ 6, 174 A.3d 308, 311 (citation omitted).  Although § 853 tolls statutes of limitations for persons who are imprisoned and other "disabilities", § 853 only applies to claims brought pursuant to those statutes expressly listed in § 853.  Title 14 M.R.S.A. § 853 does not include claims governed by the MTCA among the applicable statutes.  Thus, by its plain and

unambiguous language, § 853 does not apply to the statute of limitations set forth in § 8110 of the MTCA.  In *Steeves v. City of Rockland*, the Court expressly held that the tolling provision in 14 M.R.S.A. § 853 does not apply to claims brought pursuant to the MTCA.  *Steeves v. City of Rockland*, 600 F. Supp. 2d 143, 181 (D. Me. 2009).  Furthermore, under Maine law, it is a well-settled rule of statutory interpretation that the express mention of one concept implies the exclusion of others.  *Musk v. Nelson*, 647 A.2d 1198, 1201 (Me. 1994).  Section 8110 of the MTCA expressly provides that the two-year statute of limitations may be tolled if the claimant is a minor when the cause of action accrues.  Section 8110 contains no other tolling provisions for a claimant that is imprisoned or under any other "disability" when their claim accrues.  The express inclusion of a tolling provision for minors in § 8110, implies the exclusion of all other tolling provisions for claims governed by the MTCA.

Moreover, Adams's tort claims are not saved from the two-year statute of limitations because his prior complaint was dismissed without prejudice.  As discussed above, Adams previously filed a complaint against Defendants regarding the March 31, 2015 assault on July 17, 2015.  (Defs. S.M.F. ¶¶ 4-6.)  Adams prior complaint was dismissed without prejudice on August 12, 2016, pursuant Federal Rule of Civil Procedure 41(b) for failure to prosecute, and judgment was entered for the defendants on January 12, 2017.[5]  (Defs. S.M.F. ¶¶ 9-10.)

There is no provision in the MTCA or any statute under Maine law providing that a statute of limitations is tolled by the filing of a complaint.  *See* 14 M.R.S.A. §§ 8101-8118; 14 M.R.S.A. §§ 751-871; *compare Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 407-08 (1st Cir. 2009) (discussing Puerto Rico civil code provision based on the Spanish civil law expressly providing

---

[5] Defendants also note that neither Plaintiff's prior complaint nor his amended complaint expressly assert any claims for relief based in tort against defendants.  (*See Adams v. Landry et al.,* Docket No. 2:15-cv-00282-JAW, ECF No. 1, Pl. Compl. ¶¶88-92; ECF No. 25, Pl. Am. Compl. ¶¶ 88-92.)

9

that statutes of limitations may by tolled by the filing of an action).  Although the Maine Law Court has not definitely ruled on this issue, this Court has suggested and a Maine Superior Court has ruled that, under Maine law, a statute of limitations is not tolled by the filing of a complaint that is later dismissed without prejudice; the statute of limitations runs from the date the plaintiff's claims first accrued.  *See Cravalho v. Burnheimer*, 2017 WL 1377923, at *2 (D. Me. Apr. 14, 2017), report and recommendation adopted, 2017 WL 2189519 (D. Me. May 17, 2017) ("If the matter is dismissed without prejudice, the statute of limitations could present a bar to Plaintiff's ability to proceed on the claim if he decided to refile his complaint."); *Fleet Bank of Me. v. Dumont*, 2001 WL 1715932, at *2 (Me. Super. Ct. Nov. 1, 2001) ("[A] dismissal without prejudice would be, in fact, an end to this matter as the plaintiff would be barred by the statute of limitations from recommencing this action."); *cf. Hilton Int'l Co. v. Union De Trabajadores De La Industria Gastronomica De Puerto Rico*, 833 F.2d 10, 11 (1st Cir. 1987) ("[D]ismissal by the court for punitive or other reasons, even though labelled 'without prejudice,' is, in fact, with prejudice if the statute of limitations has run.")  Thus, in this case, the two-year of statute under the MTCA was not tolled by Adams's prior complaint against Defendants.

Adams also cannot avail himself of the "relation back" doctrine.  Federal Rule of Civil Procedure 15 provides, in relevant part, that an amendment to a pleading "relates back" to the date of the original pleading when (A) the applicable statute of limitations allows relation back, or (B) the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.  Fed. R. Civ. P. 15(c)(1)(A)-(B).  However, the First Circuit has held, "In all events, Rule 15(c) simply does not apply where … the party bringing suit did not seek to 'amend' or 'supplement' his original pleading, but, rather, opted to file an entirely new petition at a subsequent date." *Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir.

10

2001). Absent a specific savings clause, a dismissal without prejudice leaves a plaintiff in the same situation as if the claim had never been filed. *Id.* A dismissal without prejudice renders the prior proceeding a legal nullity. *Id.* There is no pleading to which a new pleading may relate back. *Id.*

As discussed above, there is no tolling or savings clause under the MTCA or other Maine law. Even if Adams's present complaint contains additional facts or claims for relief not asserted in the prior action, Adams's present complaint is not an "amendment" or "supplement" to the prior complaint. Because Adams's prior complaint was dismissed without prejudice, the prior complaint is a legal nullity. Adams present complaint is a new action that was filed as if his prior complaint had never occurred. Thus, Adams present complaint cannot "relate back" to the date of Adams filed his prior complaint.

Therefore, Adams's claims tort claims barred the two-year statute of limitations under § 8110 the MTCA, and Defendants are entitled to summary judgment.

## IV.   Conclusion

Based on the foregoing, Defendants Penny Bailey, Glean Brown, and Scott McCaffery respectfully request the Court grant summary judgment in their favor on Plaintiff Jon Robert Adams's claim for declaratory judgment and his tort claims for negligent supervision.


Dated: July 9, 2018                     /s/ Jason J. Theobald
                                        Jason J. Theobald
                                        Assistant Attorney General
                                        Office of the Maine Attorney General
                                        Six State House Station
                                        Augusta, ME 04333-0006
                                        (207) 626-8800
                                        Jason.Theobald@maine.gov
                                        *Attorney for Defendants*

11

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on July 9, 2018, he electronically filed the above document with the Clerk of Court using the CM/ECF system.  A copy of the above document is also being placed in the mail to the Plaintiff, postage prepaid, at the following address:

Jon Robert Adams
C/O Cumberland County Jail
50 County Way
Portland, ME 04102


Dated: July 9, 2018                                                     /s/ Jason J. Theobald
                                                                          Jason J. Theobald
                                                                          Assistant Attorney General
                                                                          Office of the Maine Attorney General
                                                                          Six State House Station
                                                                          Augusta, ME 04333-0006
                                                                          (207) 626-8800
                                                                          Jason.Theobald@maine.gov
                                                                          *Attorney for Defendants*