UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JON R. ADAMS, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:17-cv-00357-JAW |
| SCOTT LANDRY et al., | ) ) ) | |
| Defendants | ) | |

# RECOMMENDED DECISION ON DEFENDANTS' MOTION
# FOR PARTIAL SUMMARY JUDGMENT

In this action, Plaintiff contends that while he was confined at the Maine Correctional Center in Windham, Defendants violated his constitutional right to protection against a serious threat posed by another prisoner.

The matter is before the Court on Defendants' Motion for Partial Summary Judgment. (ECF No. 27.) Plaintiff did not file a response to the motion.

Following a review of the record, and after consideration of Defendants' arguments, I recommend the Court grant the motion.

## Background

On July 17, 2015, Plaintiff commenced a prior action in which he asserted the same claims he asserts in this action. *Adams v. Landry*, No. 2:15-cv-00282-JAW (Am. Compl., ECF No. 25) (the prior action). In the prior action, on September 28, 2015, Plaintiff informed the Court that he was no longer in state custody, and provided the Court with a new address. (Prior Action, ECF No. 31.) On November 27, 2015, Plaintiff advised the

Court that he was confined at the Cumberland County Jail, and he requested information regarding the "status of [his] pending suits in this Court."[1] (Prior Action, ECF No. 36.) On December 7, 2015, Plaintiff informed the Court that he was soon to be released to a rehabilitation center in Auburn, Maine, and he provided the address of the center. (Prior Action, ECF No. 37.)

In January, 2016, the U.S. Postal Service returned to the Court articles of mail the Court sent to Plaintiff. The Postal Service stamped the envelopes "not deliverable as addressed, unable to forward," and the writing on both envelopes suggested that Plaintiff had moved from the rehabilitation center. (Prior Action, ECF Nos. 40, 41.) Plaintiff did not inform the Court of any further change of address or otherwise make filings or communicate with the Court for more than six months. The Court subsequently granted Defendants' Motion to Dismiss the prior action based on Plaintiff's failure to prosecute, and entered judgment dismissing the action without prejudice. (Prior Action, ECF Nos. 48, 49.)

In June 2017, Plaintiff filed a motion to "refile" or "reopen" the prior action. (Prior Action, ECF No. 51.) At the time, Plaintiff again was confined at the Maine Correctional Center. The Court denied Plaintiff's request to reopen the case, but noted that Plaintiff could refile the action. (Prior Action, ECF No. 56.)

Plaintiff filed the complaint in this action on September 14, 2017. (ECF No. 1.) Plaintiff was released from custody, and he provided the Court with notice of a new

---

[1] Plaintiff's other civil action was *Adams v. Cummings, et al.*, No. 2:15-cv-00370-JAW. On December 8, 2015, the Court dismissed that action after a review pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

address, which notice the Court docketed on January 2, 2018. (ECF No. 18.) On May 1, 2018, upon a review pursuant to 28 U.S.C. §§ 1915 and 1915A, the Court dismissed four individuals named as defendants in the complaint, leaving as defendants Penny Bailey, Glean Brown, and Scott McCaffery. (Order Affirming Recommended Decision and Addressing Other Motions, ECF No. 19.) When the Court sent Plaintiff copies of its May 2018 decision and related orders, the U.S. Postal Service returned the mail with the notation "return to sender, not deliverable as addressed, unable to forward." (ECF Nos. 24, 25.)

On July 9, 2018, Defendants filed the pending Motion for Partial Summary Judgment. (ECF No. 27.) In the motion, Defendants report that after his release from the Maine Correctional Center, Plaintiff violated the terms of his probation, was arrested on or about June 25, 2018, and at the time of the filing of the motion, was confined at the Cumberland County Jail. (*Id.* at 6.) Defendants sent a copy of the motion to Plaintiff, addressed to the Cumberland County Jail.[2] (*Id.* at 12.)

## Summary Judgment Facts

This action arises from the March 31, 2015, assault against Plaintiff while Plaintiff was incarcerated at the Maine Correctional Center, in Windham Maine. (Defendants' Statement of Material Facts, ¶¶ 1, 2, 3.) In both the prior action and in this action, Plaintiff alleged that Defendants were deliberately indifferent to his safety, and failed to protect him

---

[2] According to the confined inmate list maintained by the Cumberland County Sheriff's Office, see http://www.cumberlandso.org/235/Confined-Inmate-List (last visited September 4, 2018). Plaintiff remains confined at the Cumberland County Jail and his release date is March 7, 2019.

from the assault. (*Id.* ¶¶ 6, 7, 13.) In this action, Plaintiff also asserted a claim for negligent supervision. (*Id.* ¶ 15.)

At all times relevant to this action, Defendants Penny Bailey, Glean Brown, and Scott McCaffery were employees of the Maine Department of Corrections. (*Id.* ¶ 18.) The Maine Department of Corrections is a cabinet-level department and State agency established by the Maine Legislature. (*Id.* ¶ 19, citing 34-A M.R.S.A. §§ 1201-1202.)

Plaintiff asserts his claims against Defendants Penny Bailey, Glean Brown, and Scott McCaffery in both their individual and official capacities as employees of the Maine Department of Corrections. (*Id.* ¶ 20, citing Plaintiff's Complaint § III, ¶¶ 4, 6 – 7.)

**Discussion**

Through the motion, Defendants contend (1) that Plaintiff's request for declaratory relief should be dismissed because Plaintiff no longer is confined at the Maine Correctional Center (Motion at 4 – 7); and (2) that Plaintiff's state law negligence claim is barred by the applicable statute of limitations. (Motion at 7 – 11.) Defendants have not challenged in the motion Plaintiff's Eighth Amendment claim.

**A. Declaratory Relief**

In his complaint, Plaintiff in part requests the "issuance of a Declaratory Judgment stating that the acts, failure and omissions of the Defendants have violated Plaintiff's Rights under the United States Constitution, and state Defendants duties and obligations with respect to Plaintiff's Rights." (Complaint at 13, § VIII.1.)

Citing *Ford v. Bender*, 768 F.3d 15 (1st Cir. 2014), Defendants argue Plaintiff's claim for declaratory relief is moot because he no longer is confined in the facility at which

4

they work. In *Ford*, the First Circuit reviewed a challenge to a judicial determination that prison officials violated the plaintiff's constitutional rights. After concluding that the officer defendants were entitled to qualified immunity on the plaintiff's claim for damages, in addition to vacating the district court's award of damages, the First Circuit also vacated the district court's award of declaratory and injunctive relief. *Id.* at 27 – 28. The First Circuit held that because the plaintiff was no longer in custody, his "claims for equitable relief no longer present a live case or controversy." *Id.* at 28. The First Circuit also observed that "[w]ith limited exceptions … issuance of a declaratory judgment deeming past conduct illegal is [] not permissible as it would be merely advisory." *Id*. at 29 (quoting *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F. 3d 44, 53 (1st Cir. 2013)).

Here, Plaintiff has offered no evidence or authority that would support an exception to the general rule, or any other basis that would support the continuation of his claim for declaratory judgment.[3] Defendants, therefore, are entitled to summary judgment on Plaintiff's claim for declaratory relief.

---

[3] Some courts have concluded that where a claim for monetary damages exists, a declaratory judgment action can proceed as a predicate to the claim for damages. *See*, *e.g.*, *Crue v. Aiken,* 370 F.3d 668, 677 (7th Cir. 2004) ("When a claim for injunctive relief is barred but a claim for damages remains, a declaratory judgment as a predicate to a damages award can survive"). In this case, however, Plaintiff has offered no basis for the request for declaratory relief to continue. Under the circumstances, the reasoning of the Fourth Circuit is instructive:

> Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts, including our own, have held that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives.

**B. Statute of Limitations**

The Maine Tort Claims Act, which governs Plaintiff's negligent supervision claim, provides a two-year statute of limitations on state law claims asserted against a governmental entity or its employees. 14 M.R.S. § 8110. Because a tort action accrues "when the plaintiff sustains harm to a protected interest," *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 699 (Me. 1987), Plaintiff's negligence claim accrued, at the latest, on March 31, 2015, the date on which he was assaulted.

After the Court dismissed without prejudice Plaintiff's complaint in the prior action for failure to prosecute, Plaintiff first notified the Court of his intention to reinstitute his claims in a motion filed on June 29, 2017. (No. 2:15-cv-282-JAW, ECF No. 51.) Plaintiff eventually filed the complaint in this action on September 14, 2017. (ECF No. 1.) Whether the Court considers the June or the September date as the relevant date for statute of limitations purposes, Plaintiff filed this action more than two years after his negligence claim accrued. Unless the limitation period was tolled as the result of Plaintiff's imprisonment or Plaintiff's filing of the prior action, Plaintiff's negligent supervision claim would be barred by the two-year statute of limitations.

Maine law provides for the tolling of a limitation period in certain situations when the claimant is imprisoned. 14 M.R.S. § 853. Section 853, however, does not apply to the Maine Tort Claims Act's two-year statute of limitations. According to its express terms,

---

*Incumaa v. Ozmint*, 507 F.3d 281, 286 – 87 (4th Cir. 2007); *see also Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) (student's graduation moots claims for declaratory relief and injunctive relief, but it does not moot claims for money damages.)

section 853 applies only to actions that could be commenced under 14 M.R.S. §§ 752 – 754, 851, and 852, and to actions under 24 M.R.S. § 2902. Section 853 does not reference or incorporate a claim under the Maine Tort Claims Act. When the Maine legislature intended to incorporate a tolling provision into the Maine Tort Claims Act, it did so expressly. *See* 14 M.R.S. § 8110 (providing for tolling of the limitation period for MTCA claims based on minority, but not based on imprisonment). The legislature included no such provision in the Maine Tort Claims Act for imprisoned individuals.

In addition, there appears to be no authority that would support the tolling of the limitation period during the pendency of the prior action. To the contrary, relevant authority suggests the limitation period is not tolled. *Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 554 (1st Cir. 2005) ("involuntary dismissal made without prejudice but as a sanction does not toll the statute of limitations under common law and equitable principles"); *cf. Garcia Morales v. Instituto Comercial de Puerto Rico Junior Coll.*, 215 F.3d 1311 (1st Cir. 2000) (dismissal without prejudice for failure to prosecute was "effectively converted to a dismissal with prejudice … by the running of the statute of limitations"). [4]

---

[4] Under federal law, if a court dismisses a case because the court declined to exercise supplemental jurisdiction over the case, the limitation period is tolled, pursuant to 28 U.S.C. § 1367(d), for a period of time. The statute provides: "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C.A. § 1367(d). The provision is generally understood to apply only where the district court has declined to exercise supplemental jurisdiction. 13D Charles Alan Wright et al., Federal Practice & Procedure, Juris. § 3567.4 (3d ed.) ("It seems that Congress intended the subsection to apply only to dismissals under § 1367(c)."). The Court dismissed the prior action based on Plaintiff's failure to prosecute; the Court did not dismiss the prior action pursuant to 28 U.S.C. § 1367(d).

7

Because Plaintiff filed this action more than two years after the alleged cause of action accrued, and because the two-year limitation period that governs claims under the Maine Tort Claims Act was not tolled due to Plaintiff's imprisonment or his filing of the prior action, Defendants are entitled to summary judgment on Plaintiff's negligent supervision claim.

**Conclusion**

Based on the foregoing analysis, I recommend the Court grant Defendants' Motion for Partial Summary Judgment. (ECF No. 27.)

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of September, 2018.